# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Nessia Dillard,

                Plaintiff,

                            Case No. 1:19-cv-821-MLB

v.

Leroy Smith, Jr., and Marten
Transport, Ltd.,

                Defendants.

_____/

## OPINION AND ORDER

This case arises from a motor vehicle collision. Defendant Leroy Smith, Jr. crashed into Plaintiff Nessia Dillard while he was driving a truck for Defendant Marten Transport, Ltd. Plaintiff sued both Defendants for negligently causing the accident. Defendants now move for partial summary judgment. (Dkts. 86; 87.) The Court grants Defendant Smith's motion in full and grants Defendant Marten's motion in part.

## I.    Background

Defendant Smith was a truck driver for Defendant Marten.  One night, while he was out on a job, he "had to stand on [his] brakes with more force than normal" to stop at a red light.  (Dkt. 86-2 at 61.)  He had never had any problems with his brakes before.  (*Id.* at 62.)  There was little space for him to pull over on the side of the road.  (*Id.* at 70.)  And he was "right up the road" from his destination.  (*Id.* at 61–62.)  So he decided to drive on and check his brakes when "got to [his] drop."  (*Id.*)

He did not make it far before he reached another red light—and, this time, he could not stop in time.  He was going about 55 miles per hour (which was at or below the speed limit) when the light turned yellow.  (*Id.* at 30–31.)  He immediately applied his brakes and "should have been able to stop before the red light . . . . if everything was working normal."  (*Id.* at 30, 37–38.)  But the pedal brake was "stiff," the engine brake did not work at all, and he "wasn't slowing down much."  (*Id.* at 34–35.)  He "wasn't exactly sure if [he] was going to stop" so he turned on his emergency blinkers and "look[ed] for people that may be entering the intersection."  (*Id.* at 36, 38.)  He ultimately went through the red light

and crashed into Plaintiff's vehicle despite "mak[ing] a left-hand steer to try to avoid the collision." (*Id.* at 36, 38, 40.)

Plaintiff sued both Defendants for causing the accident. (*See* Dkt. 47.) She asserts a claim for negligent driving against Defendant Smith, an identical claim against Defendant Marten under the doctrine of respondeat superior, and a claim for negligent hiring, retention, supervision, and entrustment against Defendant Marten. She seeks punitive damages for all three claims. Both Defendants move for summary judgment on Plaintiff's request for punitive damages. Defendant Marten also moves for summary judgment on Plaintiff's claim for negligent hiring, retention, supervision, and entrustment.

## II.   Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of showing a court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The nonmoving party then has the

burden of showing that summary judgment is improper by coming forward with "specific facts" showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Salinero v. Johnson & Johnson*, 995 F.3d 959, 964 (11th Cir. 2021).

## III. Discussion

### A. Punitive Damages for Defendant Smith's Negligent Driving

The parties agree Defendant Smith negligently crashed into Plaintiff. But they dispute whether Plaintiff is entitled to punitive damages for that negligence. Plaintiff says she is because Defendant Smith drove "a loaded tractor-trailer with known brake problems at speeds at or above 50 mph through a red traffic light." (Dkts. 90 at 1; 91 at 1.) Defendants say punitive damages are unwarranted because, although "Mr. Smith's actions were negligent," they do not meet the "very high bar for punitive damages" as a matter of law. (Dkt. 86-1 at 17, 19; *see* Dkt. 87-1 at 1–2.) The Court agrees with Defendants.

"Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's

actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b).  Plaintiff's briefing focuses on the last clause, which requires an "entire want of care" suggesting "conscious indifference to consequences." (*See* Dkts. 90 at 13–16; 91 at 9–13.) "Courts analyzing this standard have highlighted how stringent it is, noting that, where a defendant has exhibited at least some degree of care[,] there cannot be an entire want of care necessary to support a jury award for punitive damages." *Karr v. Celadon Trucking Servs., Inc.*, 2017 WL 11084520, at *6 (N.D. Ga. Nov. 3, 2017).  "Negligence alone, even gross negligence, is insufficient." *MDC Blackshear, LLC v. Littell*, 537 S.E.2d 356, 361 (Ga. 2000).  "There must be circumstances of aggravation or outrage." *W. Indus., Inc. v. Poole*, 634 S.E.2d 118, 120 (Ga. Ct. App. 2006).  And those circumstances must suggest "an intentional disregard of the rights of another, knowingly or wilfully." *COMCAST Corp. v. Warren*, 650 S.E.2d 307, 311 (Ga. Ct. App. 2007).

Whether a defendant's conduct is sufficiently aggravating to warrant punitive damages is generally a jury question. *Weller v. Blake*,

726 S.E.2d 698, 703 (Ga. App. 2012).   But "summary judgment is appropriate if the . . . record does not suggest that a plaintiff could carry his burden of proof by showing clear and convincing evidence that the defendant acted with the requisite intent." *Dickerson v. Am. Nat. Prop. & Cas. Co.*, 2009 WL 1035131, at *9 (M.D. Ga. Apr. 16, 2009); *see, e.g.*, *Taylor v. Powertel, Inc.*, 551 S.E.2d 765, 769 (Ga. Ct. App. 2001) ("[P]laintiff failed to come forward with some evidence that would indicate that at trial he could meet the intermediate standard of proof by clear and convincing evidence, creating a jury issue, because defendant, in support of its motion, demonstrated the complete absence of evidence of such culpability in the record.")

This is such a case.   On the undisputed facts presented here, no reasonable jury could find by clear and convincing evidence that Defendant Smith engaged in culpable conduct so as to justify an award of punitive damages.   He would not have crashed into Plaintiff if his brakes were working properly.   And he had no reason to believe his brakes were even an issue until "the intersection right before" he crashed. (Dkt. 86-2 at 61.)   That means he drove only a short distance with any knowledge of the mechanical problem that caused the crash.   And, the

mechanical problem did not suggest he would be unable to stop the truck as needed to operate it safely, but rather that he would simply have to work harder to do so. These undisputed facts reduce his culpability for Plaintiff's injuries and preclude punitive damages. *Cf. J.B. Hunt Transp., Inc. v. Bentley*, 427 S.E.2d 499, 503 (Ga. Ct. App. 1992) (punitive damages permissible where, "notwithstanding either a serious mechanical problem or serious physical problem or both, [the driver] continued on the highway for at least 10 or 20 miles").

Plaintiff contends the brake incident at the first light provided Defendant Smith knowledge of a "critical equipment failure" that he then intentionally disregarded. (Dkt. 91 at 11.) That is not an accurate statement of the undisputed facts. When the issue arose at the first light, Defendant Smith managed to stop the truck with only "a little difficulty." (Dkt. 86-2 at 60.) There was no equipment failure. All he had to do was apply the pedal brake with "more force than normal." (*Id.* at 61.) That may not have worried him much since Defendant Marten had serviced his brakes just three weeks earlier. (Dkts. 86-3; 90-1 at 10; 91-1 at 4–5.) Indeed, Defendant Smith testified he thought it was safe to continue driving despite the issue with his brakes. (Dkt. 86-2 at 71–72.)

7

Moreover, Defendant Smith did not simply ignore or disregard the braking issue; he came up with a "plan" to resolve it. (*Id.* at 61.) It was dark outside, there was not enough space to pull over safely, he did not know how to check the brakes himself, and he was "right up the road" from his destination. (*Id.* at 28, 61–62, 70.) So, instead of pulling over and causing a potential obstruction for traffic behind him, he decided to drive on for a short distance and investigate the issue when he reached his destination. (*Id.* at 61–62.) Given everything Defendant Smith knew at the time, that decision may have been reasonable. But even if it was not—indeed, even if it was *grossly* unreasonable—it does not demonstrate an "entire want of care" suggesting "conscious indifference to consequences." Not even close.

Our facts are far different from the situation in *Glenn McClendon Trucking Co. v. Williams*, 359 S.E.2d 351 (Ga. Ct. App. 1987)—the case Plaintiff primarily relies upon to argue a jury must decide punitive damages here. In *Glenn McClendon*, the Georgia Court of Appeals upheld an award of punitive damages against a trucking company after the wheels of a truck separated from the truck and smashed into the plaintiff's car. *Id.* at 353. The court held a jury could find wanton

disregard from evidence the defendant made repairs to the truck *knowing* the repair method was unsafe and created a risk the wheels would eventually fall off, the company's driver was *notified* while driving down the road that the truck's wheels were smoking (a sign of impending failure), the driver *ignored* specific advice to stop, and the driver continued down the road until the wheels separated from the truck. *Id.* at 354. All of that is to say, the defendant in *Glenn McLendon* knowingly created a risk of equipment failure and then continued driving despite clear evidence the risk was materializing and third-party advice to pull over.

None of those things happened here. Defendant Smith did not recklessly cause the braking issue with his truck, he had no reason to suspect the issue before he got on the road, he had little reason to think the issue was critical when it first arose at the intersection before he crashed, and no one told him to pull over. There are also mitigating facts here that were not present in *Glenn McLendon*. Defendant Smith could not pull over because there was not enough space to do safely, he was a short distance away from his destination, he did not simply ignore the braking issue but formulated a plan to resolve it, and, even now, he does

not think his driving was unsafe.  All of this distinguishes our case from the blatant recklessness in *Glenn McClendon*.

Plaintiff counters that "running a red light in a tractor-trailer is itself preventable" and egregious.  (Dkt. 90 at 15–16.)  But "punitive damages are not recoverable in automobile collision cases when a driver simply violates a rule of the road."  *Ferguson v. Garkusha*, 2020 WL 4732187, at *4 (N.D. Ga. Aug. 14, 2020).  That includes cases, like this one, where the driver "ran a red light and caused the collision."  *Cullen v. Novak*, 411 S.E.2d 331, 332 (Ga. Ct. App. 1991).  So Plaintiff's red-light argument is a non-starter.

Plaintiff also criticizes Defendant Smith for driving 55 miles per hour after noticing his brakes were faulty.  (Dkt. 90 at 15.)  But, according to Plaintiff, 55 miles per hour was less than the speed limit.  (Dkt. 86-2 at 31.)  There were no "cars ahead of [him] stopped at the intersection or preparing to stop at the intersection."  (*Id.* at 33.)  And he managed to stop at the prior intersection despite presumably travelling at similar speeds.  Throw in all the mitigating circumstances described above and Defendant Smith's speed, though probably ill-advised, was not "reprehensible" enough to warrant punitive damages.  *Colonial Pipeline*

*Co. v. Brown*, 365 S.E.2d 827, 830 (Ga. 1988) ("Punitive damages are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence.").

Finally, Plaintiff points to Defendant Smith's testimony that, if possible, he "should have pulled over and inspected [his] brakes" when they first started acting up at the intersection before the crash. (Dkt. 86-2 at 70; *see* Dkt. 91 at 11.) But Defendant Smith said this with the benefit of hindsight at a deposition more than three years after the accident. So it tells us little about the reasonableness of his decision in real time. Moreover, Defendant Smith was clear that, while he "should have pulled over . . . . *[i]f that was possible,*" doing so was *not* in fact possible because "[t]here wasn't enough space for [him] to stop" at the side of the road. (Dkt. 86-2 at 70 (emphasis added).)[1]

---

[1] Plaintiff has submitted two "Google images" purporting to show the dimensions of one part of State Route 316. (Dkts. 90-11; 90-12.) Plaintiff says these images "show[] that there was room for Defendant Smith to get his tractor-trailer off of the road prior to the collision." (Dkt. 91 at 7 n.2.) No reasonable jury could agree. The images are unclear, we do not know how big Defendants' truck was, and there is no cognizable evidence of where the collision occurred or whether/when Defendant Smith even passed the location displayed in the images. (*See* Dkt. 86-2 at 92–93 (Defendant Smith testifying he is "not exactly sure" where the collision occurred).) Plaintiff also points to Defendant Smith's testimony that he

Given the undisputed facts, no reasonable jury could find that Defendant Smith deserves punitive damages for crashing into Plaintiff's vehicle. His driving was no worse than negligent. Maybe grossly negligent. Neither is sufficient for punitive damages. So Defendants are entitled to summary judgment on Plaintiff's claim for punitive damages arising from Defendant Smith's negligent driving.[2]

## B. Negligent Hiring, Retention, Supervision, and Entrustment (and Related Punitive Damages)

Plaintiff also asserts a claim against Defendant Marten for negligent hiring, retention, supervision, and entrustment (for which she seeks punitive damages). Her theory is that, given Defendant Smith's

---

"pull[ed] off to the side of the road" after the accident. (Dkt. 86-2 at 28; *see* Dkt. 90-1 at 23.) But that does not necessarily mean he got off the road *entirely*. And it says nothing about whether he could have done so *before* the accident. Plaintiff's "conjecture . . . cannot overcome [Defendant Smith's] contradictory direct evidence." *Rodriguez v. Farrell*, 280 F.3d 1341, 1353 n.20 (11th Cir. 2002). So it does not "raise a genuine issue of fact." *Id.* And, even if it did, it would not change the Court's view that punitive damages are unwarranted as a matter of law.

[2] "In cases involving automobile collisions, punitive damages are authorized when the accident results from a *pattern or policy* of dangerous driving, such as excessive speeding or driving while intoxicated." *Mastec N. Am., Inc. v. Wilson*, 755 S.E.2d 257, 260 (Ga. Ct. App. 2014) (emphasis added). Plaintiff does not pursue this theory in her briefing (certainly not clearly anyway) but, even if she had, it would fail as a matter of law given the record here.

driving record, "Defendant Marten Transport knew or should have known that [he] was neither competent to be entrusted with a commercial vehicle nor suited for employment as a commercial vehicle operator." (Dkt. 47 at ¶ 34.) Defendant Marten moves for summary judgment on this claim (including Plaintiff's related request for punitive damages) given "Smith's clean driving record and Marten's proper hiring protocols." (Dkt. 86-1 at 19.) The Court denies Defendant Marten's motion for failure to comply with Local Rule 56.1 and for failure to meet a movant's initial burden on summary judgment.

A party seeking summary judgment "must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991). To do this, the movant must file a statement of undisputed material facts with "[e]ach material fact . . . numbered separately and supported by a citation to evidence." LR 56.1(B)(1), NDGa. "The Court will not consider any fact . . . not supported by a citation to evidence . . . [or] set out only in the brief." *Id.* This rule is "not a mere technicality." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). It

"streamlines the resolution of summary judgment motions" and "protects judicial resources by making the parties organize the evidence rather than leaving the burden upon the district judge." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

Defendant Marten has filed a statement of undisputed material facts. (*See* Dkt. 86-8.) And it does include some allegations about "Smith's clean driving record and Marten's proper hiring protocols" (which is the basis for Defendant Marten's motion). (*See id.* ¶¶ 16–22.) But *none* of these allegations include "citation[s] to evidence." LR 56.1(B)(1), NDGa. And *all* of them are bundled together with other facts rather than "numbered separately." *Id.* So "the Court will not consider" them. *Id.*; *see Johnson v. Am. Fam. Ins.*, 2021 WL 2588010, at *3 (N.D. Ga. Jan. 29, 2021) ("The Court has excluded . . . assertions of fact unsupported by a citation to admissible evidence in the record or set forth only in Defendants' brief and not in the statement of facts.").

That leaves Defendant Marten with no cognizable evidence against Plaintiff's claim for negligent hiring, retention, supervision, and entrustment, or the related request for punitive damages. So the Court denies Defendant Marten's motion for summary judgment on those

claims. *See Gomez v. Jackson*, 2020 WL 4048061, at *3 (N.D. Ga. July 20, 2020) ("[Movant] did submit a statement of undisputed material facts, but it includes no record citations in violation of Local Rule 56.1. That precludes summary judgment in his favor."); *Lumbermen's Underwriting All. v. Blount Int'l, Inc.*, 2007 WL 7603709, at *3 (N.D. Ga. Feb. 5, 2007) ("[Movant], because of its failure to comply with the Local Rules, has not met its initial responsibility of informing the Court of the portions of the record, which it believes demonstrates that no question of material fact exists. . . . Accordingly, the Court DENIES [Movant's] Motion for Summary Judgment.").[3]

## IV.  Conclusion

Defendant Smith's Motion for Partial Summary Judgment (Dkt. 87) is **GRANTED**.   Defendant Marten's Motion for Partial Summary

---

[3] *See also Bulluck v. Newtek Small Bus. Fin., Inc.*, 2018 WL 5262553, at *1 (N.D. Ga. Aug. 24, 2018) (denying summary judgment motion because "the party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact, and [Movant] has failed to carry that burden through her non-compliance with the Local Civil Rules."); *USAA Gen. Indem. Co. v. Pendergrass*, 2017 WL 3461315, at *7 (N.D. Ga. Feb. 27, 2017) ("USAA provided no evidence in its statement of facts concerning this notice argument. . . . Consequently, the Court denies USAA's request for summary judgment on this ground.").

Judgment (Dkt. 86) is **GRANTED IN PART** and **DENIED IN PART.**
It is **GRANTED** with respect to Plaintiff's claim for punitive damages
arising from Defendant Smith's negligent driving.   It is otherwise
**DENIED**.   The Court **ORDERS** the parties to meet and confer in a
serious, good faith effort to resolve this case within the next 30 days.  At
least some of these discussions must be in person.   The parties have
previously expressed an interest in mediation.   If they want to pursue
that option, they should notify the Court within the next 30 days.

   **SO ORDERED** this 9th day of May, 2022.


                                    _____
                                    MICHAEL L. BROWN
                                    UNITED STATES DISTRICT JUDGE